UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEIRDRE C. JOHNSON,                                              :
                                                                 :
                    Plaintiff,                                   :
                                                                 :   MEMORANDUM AND
          -against-                                              :   ORDER
                                                                 :
ANDY FRAIN SERVICES, INC., AFS, INC. c/o Dane                    :   12-CV-4454
Vontobel, VP Business Dev. & Minority Owner,                     :   (Kuntz, J.)
                                                                 :
                                                                 :
                                                                 :
                    Defendants.                                  :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

In this *pro se* action, Plaintiff Deirdre C. Johnson alleges that Defendant Andy Frain Services, Inc. discriminated against her in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). However, Johnson has pled no factual allegations supporting actionable claims under any of these statutes. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim is granted and Plaintiff's Second Amended Complaint is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an "Asian/Pacific Islander" female who was 49 years old at the time of the events in question. Dkt. 37 ("Second Am. Compl.") at 3. From September 23, 2010 to June 23, 2011, she was employed by Andy Frain Services as a Fire Guard/Security Guard at the United States Tennis Association ("USTA") Billie Jean King National Tennis Center in Queens, New York ("the Center"). *Id.* at 6. Plaintiff allegedly held "two Fire Guard Certificate of Fitnesses F94 and S95, as well as a valid NY State Security Guard license." *Id.*

Plaintiff claims she was "employed at the pay rate of ten dollars an hour[.]" *Id.* However, Plaintiff allegedly received "the inaccurate pay rate of nine dollars and fifty cents [per] hour" instead, and her pay checks were "continually sent to a different site causing great inconvenience to [her]." *Id.* After complaining in September 2010 about these issues, Plaintiff received her correct pay rate in April 2011. *Id.*

Plaintiff further alleges that in February 2011, she was informed by Area Manager Dane DeSouza that her Security License needed to be renewed. *Id.* At that time, Plaintiff also asked DeSouza whether she could work in the Andy Frain offices at Adam Clayton Powell Jr. Boulevard. *Id.*

In May 2011, Emeris Lacen allegedly complained to DeSouza that Plaintiff was receiving favorable treatment by receiving additional shifts from Hartley White. *Id.* Lacen was a younger worker who was "Hispanic/Black," and who did not have the certifications required to work at the Center. *Id.* at 7. According to Plaintiff, "[t]he other guards employed by Andy Frain at the site during the time [she] was there were younger than [she was], except Hartley C. White." *Id.*

Plaintiff was also purportedly informed that DeSouza "wanted to fire [her] and had made harassing remarks about [her]."[1] *Id.* at 6. At the time, Plaintiff "promptly dismissed these remarks as lack of professionalism on the part of Mr. DeSouza" and "[i]t was not until later that [she] realized that Mr. DeSouza was Purposely Harassing [her]." *Id.* at 7.

On June 23, 2010,[2] Plaintiff states she received a phone call from Edmond Quick, Managing Supervisor for Andy Frain, telling her that she was "NOT on a list made by the Client, [and] therefore [she] should not return to [the Center]." *Id.* When Plaintiff inquired by e-mail to

---

[1] Plaintiff states that this occurred on May 23, 2010, but the Court presumes that Plaintiff intended to refer to May 23, 2011. *Id.* at 6.

[2] Again, the Court presumes that Plaintiff intends to refer to June 23, 2011.

DeSouza, she received a reply that "eventually included the word 'termination' and stated that there *was no list* from the Client." *Id.* Plaintiff received no response to another e-mail that she had sent to Dane Vontobel, a Vice-President for Andy Frain. *Id.* However, in September 2011, Plaintiff allegedly received a phone call asking if she could "help out at Stony Brook which surprised [her] because Mr. DeSouza used the phrase 'your termination' in his e-mail reply." *Id.*

Plaintiff alleges that she filled out a complaint with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2011, and received a Right-to-Sue letter thereafter. *Id.* Plaintiff states that "[t]he letter from Staffing Concepts' (SCI's) in-house counsel swayed the decision of the EEOC"; that "[t]he EEOC redacted information that would prove [her] claim"; that "Mr. Robert DeCosta's Affidavit for the EEOC states information which is not true"; and that "SCI's in-house attorneys are listed on the Insurance Policy as being the Insured Party." *Id.* at 8.

Plaintiff claims that DeSouza was fired on October 31, 2011. *Id.* at 7. Plaintiff then notes that: "According to EEOC Notice Number 915.002 dated 6/18/99 from the EEOC website, 'An employer is always liable for harassment by a supervisor on a prohibited basis that culminates in a tangible employment action.'" *Id.* at 8.

Plaintiff brought her action in this Court on August 9, 2012. Dkt. 1. She amended her complaint on November 28, 2012, and amended it once again on November 1, 2013. Dkts. 11, 37. On March 20, 2014, Defendant Andy Frain (the only defendant who has been served) filed the instant Motion to Dismiss for failure to state a claim, and for violation of Fed. R. Civ. P. 15. Dkt. 50.

## ANALYSIS

Defendant Andy Frain has moved to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and Fed. R. Civ. P. 15 for failure to obtain leave to amend. Because Rule 12(b)(6) provides a sufficient basis on which to dismiss the Second Amended Complaint, Defendant's Rule 15 arguments will not be addressed.

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A sufficiently pled complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). The court must accept all factual allegations in the complaint as true, but is "not bound to accept as true legal conclusions couched as factual allegation[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). Legal conclusions must be supported by factual allegations. *Id.; see also Pension Ben. Guar.*, 712 F.3d at 717.

The Court is mindful that a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). "This is particularly so when a *pro se* plaintiff alleges that [her] civil rights have been violated." *Sealed Plaintiff v. Sealed*

*Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). However, "even pro se plaintiffs asserting civil rights claims are not exempt from *Twombly's* threshold that the pleadings must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (Marrero, J.) (citing *Twombly*, 550 U.S. at 555).

**II.     Discussion**

a. The Second Amended Complaint Fails to Allege Discriminatory Action

Plaintiff alleges race, age, and gender discrimination pursuant to Title VII, 42 U.S.C. §1981, the ADEA, NYSHRL, and NYCHRL. Second Am. Compl. at 1 (checking boxes for all potential causes of action). The discriminatory acts alleged include termination of employment, failure to promote, unequal terms and conditions, retaliation, and "purposeful harassment." *Id.* at 2-3. Plaintiff alleges that these acts occurred because of her race ("Asian/Pacific Islander"), sex, and age (date of birth: October 4, 1961). *Id.* at 3.

Because Plaintiff has failed to make any connection between the alleged negative treatment and her age, sex, or race, she cannot state a claim under the statutes referenced in her Second Amended Complaint. Title VII, § 1981, NYSHRL, and NYCHRL require a plaintiff to show that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010) (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) ("This Court has determined that a plaintiff's discrimination claims under both the NYSHRL and the NYCHRL are subject to the burden-shifting analysis applied to discrimination claims under Title VII."); *Hanna v. New York Hotel Trades Council*, 18 Misc.3d 436, 438 n.1 (Sup. Ct. N.Y. Cnty. Dec. 7, 2007) ("[A]s

the NYCHRL and federal Title VII address the same type of discrimination, are textually similar, and employ the same standards of recovery, New York courts . . . to resolve federal, state, and city employment discrimination claims consistently"). Similarly, the ADEA requires a plaintiff to "show that (1) [s]he was within the protected age group; (2) that [s]he was qualified for the position; (3) that [s]he was discharged; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (quoting *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir. 1994)) ("We have explained that we analyze ADEA claims 'under the same framework as claims brought pursuant to Title VII.'").

Even construed liberally, Plaintiff's Second Amended Complaint does not provide any indication of how Defendant's alleged acts were connected to her age, gender, or status as Asian/Pacific Islander. Plaintiff does not argue that she was paid less or fired because of her age, sex, or race, nor do her factual allegations give rise to that conclusion. In her description of the "harassing remarks," Plaintiff fails to allege that the harassment was based on her age, sex, or race, and in fact, she fails to identify the content of the harassing remarks. Second Am. Compl. at 6-7 ("I was informed by Hartley White that Dane DeSouza wanted to fire me and had made harassing remarks about me…[it] was not until later that I realized that Mr. DeSouza was Purposely Harassing me."). Moreover, Plaintiff does not allege that DeSouza made the decision to fire her, or that the purported harassment was linked to the adverse employment action. Plaintiff simply does not state a claim for employment discrimination.

Further, to the extent that Plaintiff's allegations regarding Lacen could be construed as a claim for disparate treatment, that attempt fails. "A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with

whom she seeks to compare herself." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal citations omitted). In her Second Amended Complaint, Plaintiff states that Lacen is a younger "Hispanic/Black" worker who did not have the requisite certification to work at the Center. Second Am. Compl. at 7. But Plaintiff does not allege that Lacen shared material employment characteristics with Plaintiff, that Lacen was subject to the same performance evaluation and discipline standards, or that Lacen engaged in the same conduct. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000) (discussing the disparate treatment theory's "similarly situated" requirements). Nor does Plaintiff allege that Lacen was treated differently from Plaintiff. Accordingly, Plaintiff does not state a claim under a disparate impact theory. *See Johnson v. Cnty. of Nassau*, 480 F. Supp. 2d 581, 597–98 (E.D.N.Y. 2007) (Hurley, J.) (dismissing Title VII disparate impact claim because plaintiff presented only conclusory allegations that other workers were similarly situated).

b. Plaintiff Does Not State a Claim for Retaliation

Plaintiff also fails to state a retaliation claim. To do so, Plaintiff would have to demonstrate that she was engaged in a protected activity, that her employer was aware of that activity, that she suffered an adverse employment action, and that there was a causal connection between the protected activity and the adverse employment action. *See Bucalo v. Shelter Island Union Free School Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)); *Ugactz v. United Parcel Serv., Inc.*, 10-CV-1247, 2013 WL 1232355 (E.D.N.Y. Mar. 26, 2013) (Brodie, J.) ("The Second Circuit analyzes retaliation claims under the ADA, ADEA and NYSHRL under the same burden shifting framework."); 42 U.S.C. § 2000e-(3)(a) (preventing an employer from discriminating against any employee "because [s]he has opposed any practice made an unlawful employment practice by this

subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter"). Liberally reading the Second Amended Complaint, the Court cannot identify any protected activity that could serve as the source for any retaliation, nor does the Court find allegations of a causal connection between any particular action Plaintiff took and her termination. These deficiencies are fatal to the purported retaliation claim. *See Harris v. NYU Langone Med. Ctr.*, 12-CV-0454, 2013 WL 3487032, at *18–19 (S.D.N.Y. July 9, 2013) (Cott, M.J.), *report and recommendation adopted as modified*, 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013) (Abrams, J.) (dismissing Title VII retaliation claim because plaintiff did not allege participation in a protected activity or sufficient causal connection).

c. Plaintiff Does Not State a Claim for Failure to Promote

"To establish a *prima facie* case of a discriminatory failure to promote, a Title VII plaintiff must ordinarily demonstrate that: (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004) (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998)) (internal quotations omitted). Here, the only relevant allegation the Court can locate in Plaintiff's Second Amended Complaint is a statement that Plaintiff asked DeSouza whether she could work in a different Andy Frain office. Second Am. Compl. at 7. Plaintiff clearly does not meet the requirements of a failure to promote claim with this bare assertion, and her claim must be dismissed.

## CONCLUSION

Because Plaintiff's Second Amended Complaint fails to state a claim under Title VII, the ADEA, 42 U.S.C. § 1981, NYSHRL, or NYCHRL, it is DISMISSED. Plaintiff is directed to file a Third Amended Complaint within 30 days of the date of this Order, or this action will be closed. All other dates are hereby taken off of the Court's calendar, including the trial date set for this action.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2014
Brooklyn, New York