FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 10 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEIRDRE C. JOHNSON,

           Plaintiff,

   -against-

ANDY FRAIN SERVICES, INC., DANE
VONTOBEL, DANE DESOUZA, ROBERT
DECOSTA, EDMOND QUICK, SCI
COMPANIES CORPORATE HEADQUARTERS,

           Defendants.

------------------------------------------------------------X

**DECISION AND ORDER**
12-CV-4454

**WILLIAM F. KUNTZ, II, United States District Judge**

In this *pro se* action, Plaintiff Deirdre C. Johnson ("Plaintiff") alleges that Defendants Andy Frain Services, Inc., Dane Vontobel, Dane DeSouza, Robert DeCosta, Edmond Quick, and SCI Companies Corporate Headquarters discriminated against her in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Defendant Andy Frain Services, Inc., ("Defendant") moved to dismiss Plaintiff's Third Amended Claim for Failure to State a Claim under Federal Rules of Civil Procedure Rule 12(b)(6).[1] For the reasons set forth below, Defendant Andy Frain Inc.'s Motion to Dismiss for Failure to State a Claim is GRANTED and Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an "Asian/Pacific Islander" female who was 49 years old at the time of the events in question. Dkt. 56 ("Third Am. Compl.") at ¶ II D. From September 23, 2010 to June 23, 2011, she was employed by Defendant as a Fire Guard/Security Guard at the United States Tennis Association ("USTA") Billie Jean King National Tennis Center in Queens, New York

---

[1] Only Defendant Andy Frain Services, Inc. has been served. Dkt. 59-1 ("Memo in Support") at 2 n.1.

("the Center"). *Id.* at ¶1. Plaintiff allegedly held "two Fire Guard certifications . . . F94 and S95" as well as a valid NY State Security Guard license. *Id.* at ¶2.

According to Plaintiff's Third Amended Complaint, around May 23, 2010,[2] plaintiff was informed by Hartley C. White, a colleague of Plaintiff's, that Dane DeSouza, Regional Manager of the NYC area, wanted to fire [her] and had made harassing remarks about [her]," including "Why are you touching Ms. Johnson's and not Emeris?" *Id.* at ¶6, 15. At the time, Plaintiff "promptly dismissed these remarks as lack of professionalism on the part of Mr. DeSouza" and "[i]t was not until later that [she] realized that Mr. DeSouza was Purposely Harassing [her]." *Id.*

On approximately June 7, 2010,[3] Plaintiff had a meeting with DeSouza and Emeris Lacen, a colleague of Plaintiff. *Id.* at ¶8. Lacen was a younger worker who was "Hispanic/Black," and who did not have the certifications required to work at the Center. *Id.* at ¶35. According to Plaintiff, Lacen had been in trouble with the company before, and on that day had been late, had not signed in properly, and had not been in dress uniform. *Id.* at ¶8.

At some point in June 2011, Lacen allegedly complained to DeSouza that Plaintiff was receiving favorable treatment by receiving additional shifts from White. *Id.* at ¶13. According to Plaintiff, this was not true. *Id.*

Further, Plaintiff alleges that "[t]he other guards [employed by Defendant at the site during the time she was there] were younger than [she was], except [Hartley C.] White." *Id.* at ¶33.

On June 23, 2010,[4] Plaintiff states she received a phone call from Edmond Quick, an off-site supervisor for Defendant, telling her that she was "NOT on a list made by the Client, [and]

---

[2] Plaintiff states that this occurred on May 23, 2010, but the Court assumes that Plaintiff intended to refer to May 23, 2011. *Id.* at 6.
[3] Again, the Court assumes that Plaintiff intended to refer to June 7, 2011.
[4] Again, the Court assumes that Plaintiff intended to refer to June 23, 2011.

therefore [she] should not return to [the Center]." *Id.* at ¶14. When Plaintiff inquired by e-mail to DeSouza, she received a reply that "eventually included the word 'termination' and stated that there *was no list* from the Client." *Id.* at ¶16 (emphasis in original). Plaintiff received no response to another e-mail that she had sent to Dane Vontobel, a Vice-President for Andy Frain. *Id.* at ¶17. However, in September 2011, Plaintiff allegedly received a phone call asking if she could "help out at Stony Brook which surprised [her] because Mr. DeSouza used the phrase 'your termination' in his e-mail reply." *Id.* at ¶21.

Plaintiff alleges that she filled out a complaint with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2011, and received a Right-to-Sue letter thereafter. *Id.* at ¶22, ¶27. Plaintiff also states that Robert DeCosta, "acting manager for the NYC office in January 2012," submitted an Affidavit to the EEOC which "contained incorrect information." *Id.* at ¶25.

Plaintiff claims that DeSouza was fired on October 31, 2011, and unsuccessfully sued Defendant. *Id.* at ¶23. Plaintiff concludes by claiming that Dane Vontobel did not look into the facts when Plaintiff alleged that DeSouza was harassing her. *Id.* at ¶29.

Plaintiff brought her action in this Court on August 9, 2012. Dkt. 1. She amended her complaint on November 28, 2012, and again on November 1, 2013, and a third time on July 18, 2014. Dkts. 11, 37, 56. Plaintiff's Third Amended Complaint is substantively indistinguishable from her Second Amended Complaint, with the exception of the new inclusion of one specific harassing remark. Third Amend. Compl. at ¶6. On December 5, 2014, Defendant Andy Frain ("Defendant") (the only defendant who has been served) filed the instant Motion to Dismiss Plaintiff's Third Amended complaint with prejudice for failure to state a claim. Dkt. 59.

**ANALYSIS**

Defendant Andy Frain Services, Inc. has moved to dismiss Plaintiff's Third Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff's Third Amended Complaint is substantively indistinguishable from her Second Amended Complaint, with the exception of the new inclusion of one specific harassing remark, *see* Third Amend. Compl. at ¶6. For the reasons set forth below, Defendant's motion is GRANTED.

## I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A sufficiently pled complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). The court must accept all factual allegations in the complaint as true, but is "not bound to accept as true legal conclusions couched as factual allegation[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). Legal conclusions must be supported by factual allegations. *Id.*; *see also Pension Ben. Guar.*, 712 F.3d at 717.

The Court is mindful that a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). "This is particularly so when a *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*,

537 F.3d 185, 191 (2d Cir. 2008) (internal citation omitted). However, "even pro se plaintiffs asserting civil rights claims are not exempt from *Twombly's* threshold that the pleadings must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (Marrero, J.) (quoting *Twombly*, 550 U.S. at 555).

II. Discussion

A. The Third Amended Complaint Fails to Allege Discriminatory Action

Plaintiff alleges race, age, and gender discrimination pursuant to Title VII, 42 U.S.C. §1981, the ADEA, NYSHRL, and NYCHRL. Third Am. Compl. at 1-2, ¶II D. The discriminatory acts alleged include termination of employment, unequal terms and conditions, and "purposeful harassment." *Id.* at ¶II A. Plaintiff alleges that these acts occurred because of her race ("Asian/Pacific Islander"), sex, and age (date of birth: October 4, 1961). *Id.* at ¶II D.

Because Plaintiff has failed to make any connection between the alleged negative treatment and her age, sex, or race, she has failed to state a claim under the statutes referenced in her Third Amended Complaint. Under Title VII, § 1981, NYSHRL, and NYCHRL, to prove discriminatory action, a plaintiff must show that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010) (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008)); *see also Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) ("This Court has determined that a plaintiff's discrimination claims under both the NYSHRL and the NYCHRL are subject to the burden-shifting analysis applied to discrimination claims under Title VII.") (internal citation omitted); *Hanna v. New York Hotel Trades Council*,

18 Misc.3d 436, 438 n.1 (Sup. Ct. N.Y. Cnty. Dec. 7, 2007) ("[A]s the NYCHRL and federal Title VII address the same type of discrimination, are textually similar, and employ the same standards of recovery, New York courts . . . to resolve federal, state, and city employment discrimination claims consistently") (internal citations omitted). Similarly, the ADEA requires a plaintiff to "show that (1) [s]he was within the protected age group; (2) that [s]he was qualified for the position; (3) that [s]he was discharged; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (quoting *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir. 1994)). "We have explained that we analyze ADEA claims 'under the same framework as claims brought pursuant to Title VII." *Id.* (quoting *Woroski*, 31 F.3d at 108).

Even construed liberally, Plaintiff's Third Amended Complaint does not provide any indication of how Defendant's alleged acts were connected to her age, gender, or status as an Asian/Pacific Islander. Plaintiff does not argue that she was fired because of her age, sex, or race, nor do her factual allegations give rise to that conclusion. In her description of the "harassing remarks," Plaintiff fails to allege that the harassment was based on her age, sex, or race, and only identifies the content of one remark. Third Am. Compl. at ¶6 (identifying the harassing comment as "Why are you touching Ms. Johnson's and not Emeris?"). Moreover, Plaintiff does not allege that DeSouza made the decision to fire her, or that the purported harassment was linked to the adverse employment action. Plaintiff simply does not state a claim for employment discrimination.

Further, to the extent that Plaintiff's allegations regarding Lacen could be construed as a claim for disparate treatment, that attempt fails. "A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with

whom she seeks to compare herself." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal citations and quotations omitted). In her Third Amended Complaint, Plaintiff states that Lacen is a younger, "Hispanic/Black" worker who did not have the requisite certification to work at the Center. Third Am. Compl. at ¶5, 35. But Plaintiff does not allege that Lacen shared material employment characteristics with Plaintiff, that Lacen was subject to the same performance evaluation and discipline standards, or that Lacen engaged in the same conduct. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000) (discussing the disparate treatment theory's "similarly situated" requirements). Indeed, Plaintiff's Complaint could be read to explicitly state that Plaintiff and Lacen engaged in different conduct. Third Amend. Compl. at ¶4, 5, 8-10, 35 ("[Lacen] was permitted to engage in Code of Conduct violations without any reprimand or discipline and was not 'terminated.'"). Accordingly, Plaintiff does not state a claim under a disparate impact theory. *See Johnson v. Cnty. of Nassau*, 480 F. Supp. 2d 581, 597–98 (E.D.N.Y. 2007) (Hurley, J.) (dismissing Title VII disparate impact claim because plaintiff presented only conclusory allegations that other workers were similarly situated).

### B. Dismissal with Prejudice

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend her complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *Kilgore v. Ocwen Loan Servicing, LLC*, 13-CV-5473, 2015 WL 968108, at *11 (E.D.N.Y. Mar. 6, 2015) (Bianco, J.) (internal quotation marks and citations omitted). On the issue of futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand

a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal citation omitted)

Here, this is the Plaintiff's Third Amended Complaint. Plaintiff's Second Amended Complaint was dismissed with leave to amend. Dkt. 53. Further, Plaintiff's Third Amended Complaint is substantively indistinguishable from her Second Amended Complaint, with the exception of the new inclusion of one specific harassing remark. *Compare* Dkt. 37 (Second Amend. Compl.) *with* Third Amend. Compl. *But see* Third Amend. Compl. at ¶6 (specific allegation of harassing statement). Given Plaintiff's consistent inability to allege facts that would give rise to plausible claims, it is evident to the Court that any attempt to re-plead would be futile. Therefore, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## CONCLUSION

Because Plaintiff's Third Amended Complaint fails to state a claim under Title VII, the ADEA, 42 U.S.C. § 1981, NYSHRL, or NYCHRL, it is DISMISSED. Further, the Complaint is DISMISSED WITH PREJUDICE because any further attempts by Plaintiff to re-plead would be futile.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2015
Brooklyn, New York